PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. DOMINGO CANALES, Defendant and Appellant.

No. 2918. Argued November 4, 1926.—Decided May 9, 1927.

*Rafael Rivera Zayas* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal was heard on the 4th of November, 1926, but we have not disposed of it sooner because counsel for the appellant moved that we postpone its decision for the reason that a death sentence is involved and that in another case of Carlos Arrocho an appeal was pending from our judgment holding that the death penalty is in force in Porto Rico. That judgment was affirmed by the Boston Circuit Court and taken up on certiorari to the United States Supreme Court which recently denied the writ; therefore we shall dispose of this case.

Domingo Canales, alias La Boa, appealed from the judgment imposing a death sentence for the crime of murder in the first degree. Act No. 10 of 1911 provides in its 1st section that in every case in which a sentence of death has been imposed by a district court it shall be the duty of the attorney for the defendant to take proper appeal of said case to this Supreme Court. It seems that this appeal has been taken solely in compliance with that statutory provision, for instead of submitting here a brief assigning any errors that might have been committed, the attorney for the appellant only sets out in writing that he has examined the record carefully without finding any fundamental error. Nor has the *Fiscal* filed any brief or the attorney for the appellant appeared at the hearing of the case on appeal.

We have examined the record for the appeal. A new trial was granted to the defendant who is charged with murder in the first degree committed on the person of Pedro Figueroa. The evidence consisted in the testimony of several ocular witnesses. Pedro Figueroa, the victim, was the overseer in a tile factory in the ward of Santurce of this city. He was a man of good character and was always kind to the employees of the factory. He took the appellant in his boyhood and kept him until he became a man. The work of the appellant in the factory consisted in the preparation of dyes, but his work was not always good. On one occasion he spoilt some five hundred pounds of dyes, whereupon Figueroa told him on the Saturday not to come back to work; but the appellant presented himself at the factory on the following Monday and said that he would work anyhow, to which Figueroa answered that he might please himself. Soon after that Figueroa was in his office preparing some grease for the workmen and while thus occupied in a stooping position, the appellant, without any word, stabbed him in the back and continued to stab him after he had fallen, after which he struck him with an iron bar several times, inflicting thirteen wounds and bruises. One of the stabs

penetrated the right auricle of the heart, inflicting a mortal wound from which he died shortly after, and one of the blows with the iron bar broke two of his ribs. Immediately a detective arrived and a little later a policeman. The appellant, while changing his clothes which were stained with blood, suddenly assaulted the detective and the policeman who had gone to his aid. The appellant did not testify, but produced two witnesses who testified that the defendant was an industrious workman who had had no quarrel before. The evidence justified the verdict of murder in the first degree found by the jury. There were no extenuating circumstances.

We have also examined the instructions given by the judge to the jury and find nothing therein to prejudice the rights of the appellant.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.